IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| JEFFREY WHALEY,       § | |
|     *Plaintiff,*       § | |
| § | |
| v.       § | MO:23-CV-179-DC-RCG |
| § | |
| VALERO TRANSPORTATION LLC, and       § | |
| CARLOS CABALLERO LIMON,       § | |
|     *Defendants*.       § | |

## ORDER DENYING MOTION FOR DEFAULT JUDGMENT

BEFORE THE COURT is Plaintiff Jeffrey Whaley's Motion for Default Judgment. (Doc. 3). This matter is before the undersigned United States Magistrate Judge through a standing order of referral pursuant to 28 U.S.C. § 636 and Appendix C of the Local Court Rules for the Assignment of Duties to United States Magistrate Judges. After due consideration, Plaintiff's Motion for Default Judgment. is **DENIED**. (Doc. 3).

### I.   BACKGROUND

Plaintiff Jeffrey Whaley ("Plaintiff") filed this case on September 12, 2023 against Defendants Valero Transportation, LLC and Carlos Caballero Limon ("Defendants") in the 143rd District Court of Ward County, Texas. (Doc. 1). Defendants removed the case to this Court on November 15, 2024 based on diversity of citizenship. *Id*. In their Notice of Removal, Defendants provide that Plaintiff served them on September 19, 2023. (Doc. 1-3 at 12–15). However, Defendants each failed to file an Answer within the allotted time after service. *See* FED. R. CIV. P. 81(c)(2)(A)–(C).

Then, on December 29, 2023 Plaintiff filed the instant Motion for Default Judgment seeking an entry of default judgment against Defendants. (Doc. 3). On January 2, 2024, Defendants filed a Motion for Extension of Time to File Answer, which was granted via text

order the next day. (Doc. 4; Text Order dated January 3, 2024). Defendants' Answer was filed on January 3, 2024. (Doc. 5). Defendants also filed a Response to Plaintiff's Motion for Default Judgment on January 12, 2024. (Doc. 10).

To begin, the Court notes that it will construe Plaintiff's Motion for Default Judgment as a Motion for Clerk's Entry of Default. *See Berkley Nat. Ins. Co. v. Orta-Gonzalez*, PE:23-CV-00003-DC-DF, 2023 WL 9318486, at *1 (W.D. Tex. Oct. 4, 2023) (treating a Motion for Default Judgment as a Motion for Clerk's Entry of Default). This is because "[a]n entry of default and a default judgment are distinct events that require separate treatment." *Id*. (quoting *Ramada Franchise Sys. v. Baroda Enters., LLC*, 220 F.R.D. 303, 304 (N.D. Ohio 2004)). "As a matter of procedure, an entry of default under Rule 55(a) must precede a default judgment under either Rule 55(b)(1) or 55(b)(2)." *Id*. (citing *DeTore v. Loc. # 245 of the Jersey City Pub. Emps. Union*, 511 F. Supp. 171, 176 (D.N.J. 1981)).

Rule 55(a) provides that a default will be entered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." In this case Defendants filed their Motion for Extension to File Answer with their Answer attached as an exhibit four days after Plaintiff moved for Default Judgment. Thus, as default judgments "are not favored and their strict enforcement 'has no place in the Federal Rules,' " the Court finds it appropriate to **DENY** Plaintiff's Motion for Default Judgment, which is now construed as a Motion for Clerk's Entry of Default. (Doc. 3).

It is so **ORDERED**.

SIGNED this 14th day of February, 2024.

_____
RONALD C. GRIFFIN
UNITED STATES MAGISTRATE JUDGE