IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| JEFFREY WHALEY<br>Plaintiff, | §<br>§<br>§<br>§ | |
| V. | §<br>§ | CIVIL ACTION 7:23-CV-00179 |
| VALERO TRANSPORTATION LLC<br>AND CARLOS CABALLERO LIMON,<br>Defendants. | §<br>§<br>§<br>§ | |

## PLAINTIFF'S FIRST AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

**NOW COMES** Jeffrey Whaley, hereinafter called Plaintiff, complaining of and about Valero Transportation LLC and Carlos Caballero Limon, hereinafter called Defendants, and for cause of action shows unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1. Plaintiff intends that discovery be conducted under Discovery Level 3.

### PARTIES AND SERVICE

2. Plaintiff, Jeffrey Whaley, is an Individual whose address is 732 N. Oak Street, Kermit, Texas 79745.

3. The last three numbers of Jeffrey Whaley's driver's license number are 187.

4. Defendant Valero Transportation LLC, a Nonresident Limited Liability Company, has failed to appoint or does not maintain a registered agent in Texas. Pursuant to section 5.251(1)(A) of the Texas Business Organizations Code, service may be effected upon Defendant Valero Transportation LLC by serving the Secretary of

State of Texas, Statutory Documents Section, Citations Unit, P.O. Box 12079, Austin, Texas 78711-2079. Service of said Defendant as described above can be effected by certified mail, return receipt requested.

5.   Defendant Carlos Caballero Limon, an Individual who is a nonresident of Texas, and lives at 6320 Canoga Ave., 15th Floor, Woodland Hills, CA, 91367, may be served with process by serving the Chairman of the Texas Transportation Commission at 125 E. 11th Street, Austin, Texas 78701, via private process server, as defendant's agent for service because defendant was involved in a collision or accident while operating a motor vehicle in Texas.  Tex. Civ. Prac. & Rem. Code §§ 17.062(b), 17.063. Service of said Defendant as described above can be effected by certified mail, return receipt requested.

## JURISDICTION AND VENUE

6.   The subject matter in controversy is within the jurisdictional limits of this court.

7.   Plaintiff seeks:

   a.   monetary relief over $1,000,000.

8.   This court has jurisdiction over Defendant Valero Transportation LLC, because said Defendant purposefully availed itself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Valero Transportation LLC will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

9. Furthermore, Plaintiff would show that Defendant Valero Transportation LLC engaged in activities constituting business in the state of Texas as provided by Section 17.042 of the Texas Civil Practice and Remedies Code, in that said Defendant committed a tort in whole or in part in Texas.

10. This court has jurisdiction over Defendant Carlos Caballero Limon, because said Defendant purposefully availed himself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Carlos Caballero Limon will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

11. Furthermore, Plaintiff would show that Defendant Carlos Caballero Limon engaged in activities constituting business in the state of Texas as provided by Section 17.042 of the Texas Civil Practice and Remedies Code, in that said Defendant committed a tort in whole or in part in Texas.

12. Venue in Ward County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## FACTS

13. On or about April 25, 2023, Plaintiff was lawfully traveling southbound on South Stockton in Monahans, Texas. Suddenly and without warning, Defendant Carlos Caballero Limon made an unsafe lane change while in the city of Monahans in heavy traffic and collided with Plaintiff's vehicle.

14. Defendant Carlos Caballero Limon was operating Defendant Valero Transportation LLC's involved tractor trailer while in the course and scope of employment with and at the direction of Valero Transportation LLC. Moreover, Plaintiff would show that Defendant Valero Transportation LL knowingly allowed Limon to operate their commercial motor vehicle without a valid commercial driver's license, and without confirming his prior driving experience. A background check of Defendant Limon would have caused a reasonable employer to not hire the employee and/or supervise him more closely. Moreover, Defendant Valerio Transportation LLC failed to require mandatory drug testing of their driver after the accident occurred.

## PLAINTIFF'S CLAIM OF RESPONDEAT SUPERIOR AGAINST VALERO TRANSPORTATION LLC

15. At the time of the occurrence of the act in question and immediately prior thereto, Carlos Caballero Limon was within the course and scope of employment for Defendant Valero Transportation LLC.

16. At the time of the occurrence of the act in question and immediately prior thereto, Carlos Caballero Limon was engaged in the furtherance of Defendant Valero Transportation LLC's business.

17. At the time of the occurrence of the act in question and immediately prior thereto, Carlos Caballero Limon was engaged in accomplishing a task for which Carlos Caballero Limon was employed.

18. Plaintiff invokes the doctrine of Respondeat Superior as against Defendant Valero Transportation LLC.

### PLAINTIFF'S CLAIM OF NEGLIGENT ENTRUSTMENT AGAINST VALERO TRANSPORTATION LLC

19. On April 25, 2023, Defendant Valero Transportation LLC was the owner of the vehicle operated by Carlos Caballero Limon.

20. Defendant Valero Transportation LLC entrusted the vehicle to Carlos Caballero Limon, a reckless and incompetent driver.

21. Defendant Valero Transportation LLC knew, or through the exercise of reasonable care should have known, that Carlos Caballero Limon was a reckless and incompetent driver.

22. As described herein, Carlos Caballero Limon was negligent on the occasion in question.

23. Carlos Caballero Limon's negligence was the proximate cause of Plaintiff's damages.

### NEGLIGENT HIRING, SUPERVISION, TRAINING AND RETENTION AGAINST VALERO TRANSPORTATION LLC

24. Plaintiff would show that Defendant Valero Transportation LLC owed the Plaintiff a legal duty to hire, supervise, train or retain competent employees.

25. Defendant Valero Transportation LLC breached that duty; and

26. Defendant Valero Transportation LLC's breach proximately caused the Plaintiff's injuries.

### PLAINTIFF'S CLAIM OF NEGLIGENCE AGAINST CARLOS CABALLERO LIMON

27. Defendant Carlos Caballero Limon had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

28. Plaintiff's injuries were proximately caused by Defendant Carlos Caballero Limon's negligent, careless and reckless disregard of said duty.

29. The negligent, careless and reckless disregard of duty of Defendant Carlos Caballero Limon consisted of, but is not limited to, the following acts and omissions:

    A. In that Defendant Carlos Caballero Limon failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

    B. In that Defendant Carlos Caballero Limon failed to turn his motor vehicle to the left in an effort to avoid the collision complained of;

    C. In that Defendant Carlos Caballero Limon failed to keep such distance away from Plaintiff's motor vehicle as a person using ordinary prudent care would have done;

    D. In that Defendant Carlos Caballero Limon was operating his motor vehicle at a rate of speed which was greater than that would have been operated by a person of ordinary prudence under the same or similar circumstances; and

    E. In that Defendant Carlos Caballero Limon failed to apply his brakes to his motor vehicle in a timely and prudent manner and/or wholly failed to apply his brakes in order to avoid the collision in question.

## PLAINTIFF'S CLAIM OF
## NEGLIGENCE PER SE AGAINST CARLOS CABALLERO LIMON

30. Defendant Carlos Caballero Limon's conduct described herein constitutes an unexcused breach of duty imposed by Texas Transportation Code § 545.060 and 37 TAC § 4.16)[3] which prohibit an employer from knowingly allowing a person without a commercial driver's license to drive a commercial vehicle .

31. Plaintiff is member of the class that Texas Transportation Code §§ 545.060 and 37 TAC § 4.16)[3] were designed to protect.

32. Defendant Carlos Caballero Limon's unexcused breach of the duty imposed by Texas Transportation Code §§ 545.060 and 37 TAC § 4.16)[3] proximately caused the Plaintiff's injuries described herein.

## EXEMPLARY DAMAGES

33. Defendant Valero Transportation LLC's acts or omissions described above, when viewed from the standpoint of Defendant Valero Transportation LLC at the time of the act or omission, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and others. Defendant Valero Transportation LLC had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

34. Based on the facts stated herein, Plaintiff requests exemplary damages be awarded to Plaintiff from Defendant Valero Transportation LLC.

35. Defendant Carlos Caballero Limon's acts or omissions described above, when viewed from the standpoint of Defendant Carlos Caballero Limon at the time of the act or omission, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and others. Defendant Carlos Caballero Limon had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

36. Based on the facts stated herein, Plaintiff requests exemplary damages be awarded to Plaintiff from Defendant Carlos Caballero Limon.

## DAMAGES FOR PLAINTIFF, JEFFREY WHALEY

37. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Jeffrey Whaley was caused to suffer serious bodily injuries, and to incur the following damages:

- A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, Jeffrey Whaley for the necessary care and treatment of the injuries resulting from the collision complained of herein and such charges are reasonable and were usual and customary charges for such services in Ward County, Texas;
- B. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;
- C. Physical pain and suffering in the past;
- D. Physical pain and suffering in the future;
- E. Physical impairment in the past;
- F. Physical impairment which, in all reasonable probability, will be suffered in the future;
- G. Loss of earnings in the past;
- H. Loss of earning capacity which will, in all probability, be incurred in the future;
- I. Loss of Household Services in the past;
- J. Loss of Household Services in the future;
- K. Disfigurement in the future;
- L. Mental anguish in the past; and
- M. Mental anguish in the future.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Jeffrey Whaley, respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; exemplary damages, as addressed to each Defendant per Section 41.006, Chapter 41, Texas Civil Practice and Remedies Code, excluding interest, and as allowed by Sec. 41.008, Chapter 41, Texas Civil Practice and Remedies Code, together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

By: _____
Spencer W. Dobbs
Texas Bar No. 00793624
Email: spencer@dobbslawfirm.com
601 N. Washington
ODESSA, TX 79761
Tel. (432) 580-0808
Fax. (432) 580-7254

Alan B. Harris
Texas Bar No. 09050780
409 N. Texas Avenue
Odessa, Texas 79761
Tel. (432) 580-3118
Fax. (432) 332-4084

Attorneys for Plaintiff Jeffrey Whaley

## CERTIFICATE OF SERVICE

I certify that on August 29, 2024 a true and correct copy of Plaintiff's First Amended Petition was served electronically on counsel of record, Matthew Ford, by and through the electronic filing manager.

_____
Spencer W. Dobbs

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**