**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION**

| | | |
|---|---|---|
| JEFFREY WHALEY,<br>PLAINTIFF, | §<br>§<br>§ | |
| V. | §<br>§ | CIVIL ACTION NO. 7:23-CV-00179 |
| VALERO TRANSPORTATION, LLC AND<br>CARLOS CABALLERO LIMON,<br>DEFENDANTS. | §<br>§<br>§<br>§ | |

**DEFENDANTS' OPPOSED MOTION TO STRIKE PLAINTIFF'S AFFIDAVITS
UNDER SECTION 18.001 OF THE TEXAS CIVIL PRACTICE AND REMEDIES CODE
AND BRIEF IN SUPPORT**

**TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS:**

COME NOW, VALERO TRANSPORTATION, LLC AND CARLOS CABALLERO LIMON,

Defendants in the above entitled and numbered case, and file this, their Motion to Strike Plaintiff's

Affidavits Under Section 18.001 of the Texas Civil Practice and Remedies Code and Brief in

Support, and would respectfully show the Court as follows:

## I.    SUMMARY OF THE ARGUMENT

Defendants assert that Plaintiff's attempt to apply Texas Civil Practice and Remedies

Code Section 18.001 ("Section 18.001") is improper and respectfully requests that this Court

strike Plaintiff's Section 18.001 Affidavits. Section 18.001 is not applicable in a federal forum

as it "directly collides" with Federal Rule of Evidence 802 and Federal Rule of Civil Procedure

43. Further, if the Court should find that Section 18.001 does not collide with applicable federal

rules, Section 18.001 does not apply in a federal forum as it is a "purely procedural" statute and

thus is inapplicable in a federal court sitting in diversity.

## II.    BACKGROUND

This is a personal injury lawsuit arising out of a motor vehicle accident that occurred between Plaintiff and Defendants on April 25, 2023 (the "Incident"). Plaintiff's August 29, 2024, Amended [Complaint] alleges that Defendants' negligence caused the Incident and he seeks recovery for personal injuries he allegedly sustained as a result of the Incident. Dkt. 18.

On or around March 15, 2024, Plaintiff served medical treatment and billing records affidavits from Plaintiff's medical treatment providers. There, Plaintiff produced affidavits under Texas Civil Practice and Remedies Code Section 18.001 from the following providers:

1.    Medical and Billing Records from Back Pain Institute;
2.    Medical and Billing Records from Choice Care Surgery Center;
3.    Medical and Billing Records from First Physicians;
4.    Medical and Billing Records from Global Anesthesia;
5.    Medical and Billing Records from Golder MRI Center;
6.    Medical and Billing Records from Monitoring Concepts;
7.    Medical and Billing Records from PhyTex;
8.    Billing Records from Singleton Associates;
9.    Billing Records from Southern Star Pharmacy;
10.    Medical and Billing Records from Ward County EMS;
11.    Medical and Billing Records from Ward Memorial Hospital; and
12.    Medical and Billing Records from West Texas Spine Institute.

For the reasons that follow, Defendants respectfully request this Honorable Court to strike Plaintiff's Section 18.001 affidavits that attempt to establish the reasonableness and necessity of Plaintiff's treatment course and costs as Section 18.001 is inapplicable in federal court.

## III.    ARGUMENTS AND AUTHORITIES

A growing body of courts determined that Section 18.001 is inapplicable in federal court, especially given the Texas Supreme Court's 2018 decision in *Gunn v. McCoy*, 554 S.W.3d 645, 674 (Tex. 2018).[1] Defendants assert that an alternate approach precludes analysis

---

[1]*See, e.g., Parker v. Sheila,* No. A-19-CV-00017-RP, 2020 WL 1669647, at *1–2 (W.D. Tex. Apr. 3, 2020) (referencing the summary of federal court's decisions on the applicability of Section 18.001 in federal court)*; Espinoza*

under the *Erie* doctrine. *See Hanna v. Plumer*, 380 U.S. 460, 465–72 (1965). Section 18.001

directly collides with Federal Rule of Evidence 802. *See, e.g.*, *Miley v. MMM Freight Corp., et*

*al.*, No. 6:19-CV-00285-ADA-JCM, Dkt. No. 30 *5 (W.D. Tex. Jun. 10, 2020).

A.    **Under the United States Supreme Court's Opinion in *Hanna v. Plumer*, Section 18.001 of the Texas Civil Practice and Remedies Code Cannot be Applied in Federal Court.**

The Supreme Court clarified that an *Erie* analysis, for conflicts of law, only applies

when there is no federal statute on point. *See Hanna v. Plumer*, 380 U.S. 460, 465–72 (1965).

Under *Hanna*, if a federal statute addresses the issue in question, then the Court's *Erie* analysis

is inapplicable. *Id.* The Supreme Court has consistently reaffirmed this principle in its

subsequent decisions. *See, e.g.*, *Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.*,

559 U.S. 393, 398 (2010); *Burlington N.R. Co. v. Woods*, 480 U.S. 1, 5 (1987); *Walker v. Armco*

*Steel Corp.*, 446 U.S. 740, 749 (1980).

Following the Supreme Court's decision in *Hanna* and its progeny, this Court need not

delve into an *Erie* analysis, and instead must apply a two-pronged analysis to determine whether

Section 18.001 of the Texas Civil Practice and Remedies Code is applicable in this federal

matter. First, the Court must determine whether any federal statute is "sufficiently broad to cause

a direct collision with [Section 18.001] or, implicitly, to control the issue before the Court,

thereby leaving no room for the operation of [Section 18.001]." *Burlington*, 480 U.S. at 4–5

(internal quotations omitted). If so, then the second prong requires said federal statute to

---

*v. State Farm Mut. Auto Ins. Co.,* 2020 WL 4333558, at *4–5 (S.D. Tex. Jul. 28, 2020) (collecting cases); *Bussey v. Singh,* 2022 WL 3691097 (N.D. Tex. Aug. 24, 2022) (Lindsay, J.); *Vidal v. Kroger Texas, LP,* 2021 WL 779076 (N.D. Tex. Feb. 26, 2021) (Ramirez, J.)*; Newby v. Kroger Co., 2020 WL 3963740* (N.D. Tex. Jul. 11, 2020) (Godbey, C.J.)*; Baird v. Shagdarsuren,* 2019 WL 2286084 (N.D. Tex. May 29, 2019) (Boyle, J.); *Holland v. United States,* 2016 WL 11605952 (N.D. Tex. Jul. 21, 2016) (Lindsay, J.); *Davila v. Kroger Tex., LP*, 3:19-cv-2467-N, 2020 WL 2331079 (N.D. Tex. May 8, 2020) (procedural).

represent "a valid exercise of Congress' rulemaking authority." *Id.* The federal statute must be applied by the Court if it meets these two requirements. Therefore, the Court need "not wade into *Erie*'s murky waters unless the federal rule is inapplicable or invalid." *Shady Grove*, 599 U.S. at 398.

### 1. Section 18.001 is in "Direct Collision" with Federal Rule of Evidence 802 and Federal Rule of Civil Procedure 43.

To determine whether Section 18.001 is applicable in this case, the Court must first determine whether there is a "direct collision" between Section 18.001 and any federal statute. *See Shady Grove*, 559 U.S. at 398; *Walker*, 446 U.S. at 749. "The 'direct collision' language requires that the federal statute be sufficiently broad to cover the point in dispute." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 26 n.4 (1988). The application of Section 18.001 of the Texas Civil Practice and Remedies Code is expressly proscribed by at least two federal statutes: Federal Rule of Evidence 802 and Federal Rule of Civil Procedure 43.

#### a. Purpose & Scope of Federal Rule of Evidence 802

Federal Rule of Evidence 802 proscribes the admissibility of hearsay evidence in federal proceedings unless it is excluded from the definition of hearsay under one of the exemptions provided in Rule 801 or is subject to one of the exceptions found in Rules 803 through 807 of the Federal Rules of Evidence. *See* FED. R. EVID. 801—807. Hearsay is defined as "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." FED. R. EVID. 801(c)(1—2). A statement includes "a person's oral assertion, written assertion, or nonverbal conduct, if the person intended it as an assertion." FED. R. EVID. 801(a). Federal

courts have consistently held that testimonial affidavits—the type contemplated here under Section 18.001—constitute inadmissible hearsay not subject to any federal hearsay exception.[2]

Therefore, Plaintiff's request to avail itself of the opportunities under Section 18.001 directly collides with the hearsay prohibition of the abovementioned Rule Against Hearsay contained in the Federal Rules of Evidence.

b.      *Purpose & Scope of Federal Rule Civil Procedure 43*

Further, the Federal Rule of Civil Procedure 43 expressly provides, "At trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise." FED. R. CIV. P. 43(a). "The primary purposes of Rule 43(a) are to ensure that the accuracy of witness statements may be tested by cross-examination and to allow the trier of fact to observe the appearance and demeanor of the witnesses." *In re Adair*, 965 F.2d 777, 780 (9th Cir. 1992).[3] Permitting Plaintiff to establish a necessary element of proof by affidavit testimony would be directly contrary to the plain language of Rule 43(a). It would also run afoul of the stated purposes of the statute.[4] Therefore, Section 18.001 effects of utilizing testimonial affidavits in federal court is in "direct collision" with Federal Rules of Civil Procedure 43(a). Parties are

---

[2] *See United States v. Stone*, 604 F.2d 922, 925–26 (5th Cir. 1979); *see also Wheel Pros, L.L.C. v. Wheels Outlet, Inc.*, No. 3:14-CV-4230-M-BK, 2016 WL 1084745, at *1 (N.D. Tex. Mar. 9, 2016), report and recommendation adopted, 3:14-CV-4230-M-BK, 2016 WL 1109082 (N.D. Tex. Mar. 18, 2016)(holding affidavits were inadmissible hearsay and that the Court may not rely on them in determining Plaintiff's entitlement to damages); *Stacy v. Paschall Truck Lines, Inc.*, No. 3:12-CV-4066-N, 2014 WL 12531110, at *1 (N.D. Tex. July 22, 2014)(holding affidavit constituted hearsay and was inadmissible at summary judgment hearing as evidence of circumstances of traffic accident).

[3] Rule 43 was originally adopted to abolish a practice like Plaintiff attempts to utilize here by "setting forth in affidavits the testimony of chief expert witnesses whose testimony is directed to matters of opinion." FED. R. CIV. P. 43. Advisory Opinion Note to Subdivision (a) (1937).

[4] *See* FED. R. CIV. P. 43; *see also First Republic Bank Dallas v. Gargyle Corp.*, 91 B.R. 398, 400 (N.D. Tex. 1988) (holding that it was error for the trial judge to accept affidavits into evidence without providing the opposing party opportunity to conduct cross-examination and introduce controverting evidence if it desired).

required to call the attesting witnesses to testify in open court and allow the attesting witnesses or experts to be cross-examined.

Accordingly, both Federal Rule of Evidence 802 and Federal Rule of Civil Procedure 43 are "sufficiently broad to cover the point in dispute"—whether Plaintiff can rely on testimonial affidavits as evidence of the reasonableness and necessity of past medical expenses. *See Shady Grove*, 559 U.S. at 398; *Walker*, 446 U.S. at 749.

### c. Purpose & Scope of Texas Civil Practice & Remedies Code, Section 18.001

The purpose of Section 18.001 is to streamline "proof of the reasonableness and necessity of medical expenses" by providing for the use of affidavit testimony, rather than requiring the witnesses' testimony be taken in open court, as under the Federal Rules. *See Haygood v. De Escabedo*, 356 S.W.3d 390, 397 (Tex. 2011). Section 18.001 of the Texas Civil Practice and Remedies Code, is a Texas evidentiary statute that "allows for the admissibility, by affidavit, of evidence of the reasonableness and necessity of charges that would otherwise be inadmissible hearsay."[5]

Section 18.001 operates as "an exception to general hearsay rules."[6] Both the plain language and practical effects of Section 18.001 operate as exceptions to the same issues specifically addressed by Rule 802 of the Federal Rules of Evidence and Rule 43 of the Federal Rules of Civil Procedure. Section 18.001 is in direct collision with federal statutes and Federal

---

[5] *Rumzek v. Lucchesi*, 543 S.W.3d 327, 341 (Tex. App.—El Paso Nov. 15, 2017, no pet. h.); *Hong v. Bennett*, 209 S.W.3d 795, 800 (Tex. App.—Fort Worth 2006, no pet.); *see Ten Hagen Excavating, Inc. v. Castro-Lopez*, 503 S.W.3d 463, 491 (Tex. App.—Dallas 2016, pet. denied); *Gunn v. McCoy*, 489 S.W.3d 75, 102 (Tex. App.—Houston [14th Dist.] 2016, pet. granted).

[6] *Hong v. Bennett*, 209 S.W.3d at 801; *Nye v. Buntin*, No. 03–05–00214–CV, 2006 WL 2309051, at *4 n. 1 (Tex. App.—Austin Aug. 11, 2006, no pet.) ("Section 18.001 makes such hearsay affidavits admissible if a litigant complies with its procedures."). "Absent compliance with the timeliness [requirements of] Section 18.001(d), such affidavits are hearsay and must qualify under an exception to the hearsay rule to be admissible." *Nye*, 2006 WL 2309051, at *4 n.1.

Rule of Evidence 802 and Federal Rule of Civil Procedure 43 govern, unless they exceed statutory authorization or Congress' rulemaking power.

### 2. Federal Rule of Evidence 802 and Federal Rule of Civil Procedure 43 are Valid Exercise of Congress' Rulemaking Authority Under the Rules Enabling Act.

In the second prong of the analysis, the Court must determine whether federal rules are "valid exercise[s] of Congress' rulemaking authority." *Shady Grove*, 559 U.S. at 398. In 1934, Congress enacted the Rules Enabling Act, authorizing the Supreme Court to promulgate rules of procedure subject to its review, with the limitation that those rules shall not abridge, enlarge, or modify any substantive right. *Shady Grove*, 559 U.S. at 407 (citing 28 U.S.C. § 2072(a)).[7]

Applying this framework in *Shady Grove*, the Supreme Court recognized that it had rejected every challenge to a Federal Rule that had come before it under the Rules Enabling Act. *Id.* Similarly, Federal Rules of Civil Procedure 43 is valid under the Rules Enabling Act because it regulates "the judicial process for enforcing rights and duties recognized by substantive law and for justly administering remedy and redress for disregard or infraction of them." *Shady Grove*, 559 U.S. at 407. Moreover, like the Federal Rules of Civil Procedure and the Federal Rules of Appellate Procedure, the Federal Rules of Evidence are also considered procedural rules and are presumptively valid under the Rules Enabling Act.[8]

---

[7] As the Supreme Court clarified, "The test [under the Rules Enabling Act] is not whether the [federal] rule affects a litigant's substantive right; most procedural rules do." *Id*. A Federal Rule is valid under the Rules Enabling Act so long as it "really regulate[s] procedure." *Id*. "What matters is what the rule itself regulates: If it governs only the manner and the means by which the litigants' rights are enforced, it is valid; if it alters the rules of decision by which the court will adjudicate those rights, it is not." *Id*.

[8] *See Rahimi v. United States*, 474 F. Supp. 2d 825, 827 n.1 (N.D. Tex. 2006) (quoting 19 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure, § 4512 (1982 & Supp. 2006)) ("[S]ince all of the Rules of Evidence can be viewed rationally as rules of procedure (the constitutional standard announced in *Hanna v. Plumer*), they all clearly are constitutional."); *Exxon Corp. v. Burglin*, 42 F.3d 948, 950 (5th Cir. 1995) ("The burden of establishing the invalidity of a federal rule is heavy because all federal rules of court enjoy presumptive validity."); *see also Monarch*

Both Federal Rule of Evidence 802 and Federal Rule of Civil Procedure "really regulate procedure" as required under the Rules Enabling Act and, thus, are presumed valid and must be applied in all federal jurisdictions. *Shady Grove*, 559 U.S. at 407. It is inconsequential that the application of these rules may have some "incidental effect upon-state created rights" because "Congress has undoubted power to supplant state law, and undoubted power to prescribe rules for the courts it has created."[9]  Because Section 18.001 is in "direct collision" with Rule 802 of the Federal Rules of Evidence and Rule 43 of the Federal Rules of Civil Procedure, the Court should decline Plaintiff's request to avail itself of Section 18.001 of the Texas Civil Practice & Remedies Code under the binding Supreme Court precedent set forth in *Hanna* and its progeny.

**B.**     **In the Alternative, Section 18.001 Cannot Be Applied in Federal Court Under the *Erie* Doctrine Because it is "Purely Procedural."**

Even if the Court determines that the applicability of Section 18.001 is governed by *Erie* and the Rules of Decision Act, rather than *Hanna* and the Rules Enabling Act, the Court should still refuse to apply Section 18.001 because it is a "purely procedural" statute. When there is no "direct collision" with federal law, a federal court's determination whether to apply a state law in a federal diversity case depends on if the particular law is substantive or procedural. *Erie Railroad v. Tomkins*, 304 U.S. 64, 58 S. Ct. 817 (1938); *Herbert v. Wal-Mart Stores, Inc.*, 911 F.2d 1044, 1047–48 (5th Cir. 1990). To determine whether a particular provision is substantive or procedural for *Erie* purposes, federal courts must look to "the 'twin aims" of the *Erie* doctrine: the discouragement of forum shopping and the avoidance of the inequitable administration of the laws." *Herbert*, 911 F.2d at 1047. The *Erie* doctrine's goal is to prevent a

---

*Ins. Co. of Ohio v. Spach*, 281 F.2d 401, 409 (5th Cir. 1960) ("For the most part rules of evidence are thought of as procedural in the traditional conflicts of laws sense.").

[9] *Id*. at 406–07, 410 ("*Hanna* unmistakably expressed the same understanding that compliance of a Federal Rule with the Enabling Act is to be assessed by consulting the Rule itself, and not its effects in individual applications.").

DEFENDANTS' OPPOSED MOTION TO STRIKE PLAINTIFF'S AFFIDAVITS UNDER SECTION 18.001 OF THE TEXAS CIVIL PRACTICE AND REMEDIES CODE AND BRIEF IN SUPPORT                    **Page 8**

substantially different outcome in federal court than that which would have occurred in state court. *See Hanna v. Plumer*, 380 U.S. at 466. However, the "[o]utcome-determination analysis was never meant to serve as a talisman." *Id.* at 466–67. The choices for federal courts to choose "between state and federal law are to be made not by application of any automatic, 'litmus paper' criterion, but rather by reference to the policies underlying the *Erie* rule:" discouragement of forum shopping and avoidance of inequitable administration of the law. *Id.* at 467 (citing *Guaranty Trust Co. of New York v. York, supra*, 326 U.S. 99, 108–112 (1945)).

When interpreting state law, federal courts "look to final decisions of the highest court of the state," while the "decisions of lower state courts should [also] be given some weight." *Transcon. Gas Pipe Line Corp. v. Transp. Ins. Co.*, 953 F.2d 985, 988 (5th Cir. 1992); *Rogers v. Corrosion Products, Inc.*, 42 F.3d 292, 295 (5th Cir. 1995). In 2018, the Texas Supreme Court reiterated its 2011 interpretation of Section 18.001 as "purely procedural, providing for the use of affidavits to streamline proof of the reasonableness and necessity of medical expenses," and clarified that section 18.001 "affidavits are not conclusive." *Gunn v. McCoy*, 554 S.W.3d 645, 672 (Tex. 2018) (quoting *Haygood v. De Escabedo*, 356 S.W.3d 390, 397–99 (Tex. 2011)) ("The statute does not establish that billed charges are reasonable and necessary…").[10]

Recognizing the authority of the Texas Supreme Court on this issue, Courts have properly deferred to the Supreme Court's interpretation of Section 18.001 as "purely procedural," holding, "As the Texas Supreme Court has explicitly characterized Section 18.001 as procedural, the statute is not applicable in this action." *Holland,* No. 3:14-CV-3780, at *2;

---

[10] Most recently, Section 18.001(b) was amended as procedural, consistent with *Gunn*, for cases filed in Texas State court on or after September 1, 2020: "…The affidavit is not evidence of and does not support a finding of the causation element of the cause of action that is the basis for the civil action." Tex. Prac. & Rem. Code Sec. 18.001(b), as amended, Acts 2019, 86th Leg., R.S., Ch. 779 (H.B. 1693), Sec. 1, eff. September 1, 2019. The new §18.001 would apply to this case in a state forum.

*see also Transcon.*, 953 F.2d at 988; *Parker v. Sheila*, No. A-19-CV-00017-RP, 2020 WL 1669647, at *1–2 (W.D. Tex. Apr. 3, 2020). However, if the Court chooses to disregard the Texas Supreme Court's express characterization of Section 18.001, several other state and federal authorities also establish the procedural nature of Section 18.001. First, as previously stated, the Texas courts of appeals universally agree that "Section 18.001 is an evidentiary statute that accomplishes three things:

1. It **allows for the admissibility**, by affidavit, **of evidence** of the reasonableness and necessity of charges **that would otherwise be inadmissible hearsay**;

2. It **permits the use of otherwise inadmissible hearsay** to support findings of fact by the trier of fact; and

3. It provides for **exclusion of evidence** to the contrary, upon proper objection, in the absence of a properly-filed controverting affidavit."[11]

The Texas Supreme Court acknowledged, in *Haygood* and *McCoy*, that the purpose and effect of Section 18.001 is simply to streamline the admissibility of evidence at trial. *See Gunn*, 554 S.W.3d at 672. Specifically, each of the three purposes expressly identified by the Texas Courts of Appeals deal with the admissibility of the affidavit at trial, a matter indisputably governed by federal law. *See Phillips Oil Co. v. OKC Corp.*, 812 F.2d 265, 280 (5th Cir. 1987) ("We note first that in a diversity case, the Federal Rules of Evidence govern the admissibility of evidence."); *see also United States v. Stone*, 604 F.2d 922, 926 (5th Cir. 1979) (striking portions of affidavit that went beyond the simple authentication requirements of FED. R. EVID. 902(4) as inadmissible hearsay under FED. R. EVID. 801, 802). Specifically, regarding the first

---

[11] *Rumzek v. Lucchesi*, 2017 WL 5477564 (Tex. App.—El Paso Nov. 15, 2017, no pet. h.) (emphasis added); *Hong v. Bennett*, 209 S.W.3d 795, 800 (Tex. App.—Fort Worth 2006, no pet.); *see also Ten Hagen Excavating, Inc. v. Castro- Lopez*, 503 S.W.3d 463, 491 (Tex. App.—Dallas 2016, pet. denied); *Gunn v. McCoy*, 489 S.W.3d 75, 102 (Tex. App.—Houston [14th Dist.] 2016, pet. granted).

two purposes, whether hearsay evidence, which is "in almost all circumstances [] inadmissible," may nonetheless be accepted into evidence under one of the many available hearsay exceptions is an evidentiary matter "within the procedural competence of the Federal District Court." *Dallas County v. Commercial Union Assur. Co.*, 286 F.2d 388, 393 (5th Cir. 1961) (analyzing admissibility of newspaper article under federal law).

Moreover, specifically with regard to the second prong of the *Erie* analysis, Section 18.001 is also properly regarded as procedural because refusing to apply it in federal courts would not lead to an "inequitable administration of the laws." Section 18.001 "does not diminish or enlarge what a plaintiff must substantively prove in a medical malpractice case." *Poindexter v. Bonsukan*, 145 F. Supp. 2d 800, 809–10 (E.D. Tex. 2001) (citing *Hanna*, 380 U.S. at 464). Therefore, Section 18.001 is "truly [a] procedural rule because it governs the in-court dispute resolution processes rather than the dispute that brought the parties into court." *Eyerly Aircraft Co. v. Killian*, 414 F.2d 591, 603 (5th Cir. 1969) ("A federal court enforcing an obligation or right created by state law is bound to enforce the obligation (or right) as it finds it, but is not bound by the dubious and perhaps conflicting intimations on *elegantia juris* to be found in local decisions."). Further, Section 18.001 "bears no more relation to the elements of a state law claim or defense than any other evidence from which the fact finder may infer an evidentiary or ultimate fact," the admissibility of which is governed by federal law. *Herbert v. Wal-Mart Stores, Inc.*, 911 F.2d 1044, 1047–48 (5th Cir. 1990).

## IV.  CONCLUSION

Section 18.001 of the Texas Civil Practice and Remedies Code is inapplicable in a civil action in a federal court where jurisdiction is based upon diversity of citizenship. In *Hanna*, The Supreme Court clarified that an *Erie* analysis was an improper test of the validity and

applicability of a federal statute addressing the issue. Instead, when a federal statute addressing the issue exists, the Court developed a two-prong approach: (1) is the federal statute that controls the issue in direct collision with the state law; and (2) if the federal statute is on point it governs, unless it exceeds statutory authorization or Congress' rulemaking power. Under the Supreme Court's decision in *Hanna*, an *Erie* analysis is inapplicable, as Section 18.001 is in direct collision with Federal Rule of Evidence 802 and Federal Rule of Civil Procedure 43. Therefore, the *Hanna* two-prong approach governs the issue in this matter, and Section 18.001 of the Texas Civil Practice and Remedies Code is inapplicable in federal court.

Alternatively, if the Court finds that the applicability of Section 18.001 is governed by *Erie* and the Rules of Decision Act, the Court should deny Plaintiff's request to avail itself of the opportunities provided by Section 18.001 because the Texas Supreme Court and intermediate Courts of Appeals have expressly recognized that Section 18.001 is a purely procedural, evidentiary statute. Moreover, both the plain language and practical applications of Section 18.001 govern the in-court dispute resolution processes rather than the dispute that brought the parties into court, which falls squarely within the type of procedural issue that has been traditionally governed by federal law in this Circuit.

## V.    PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Defendants respectfully pray that the Court strike Plaintiff's Section 18.001 affidavits in all things and enter an order prohibiting Plaintiff from offering affidavit testimony as evidence of the reasonableness and necessity of its medical treatment and expenses at the trial of this matter. Defendants further pray for all such other and further relief, both general and special, to which they may show themselves justly entitled.

Respectfully Submitted,

By: */s/ Matthew A. Ford*　　　　　
Matthew A. Ford
SBN: 24079875
Law Office of Matthew A. Ford, Ltd. Co.
8765 Stockard Drive
Suite 303
Frisco, TX 75034
Voice/Fax: (214) 227-9927
matthew@mafordlaw.com
**ATTORNEYS FOR DEFENDANTS**

CERTIFICATE OF CONFERENCE

Plaintiffs are opposed to this Motion. On December 4, 2024, counsel conducted a conference on the issue at a Court ordered status conference on this Motion and no agreement could be reached. Counsel for the parties have conferred in good faith to attempt to resolve the matters presented in this Motion by agreement, but no agreement could be made. It is therefore presented to this Court for determination.

*/s/ Matthew A. Ford*　　
Matthew A. Ford

CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above document has been served in accordance with the Federal Rules of Civil Procedure on December 5, 2024, upon the following counsel of record, via email:

Spencer W. Dobbs
Dobbs Law Firm, Inc.
Texas Bar No. 00793624
Email: spencer@dobbslawfirm.com
601 N. Washington
Odessa, Texas 79761
Tel. (432) 580-0808
Fax. (432) 580-7254
*Attorneys for Plaintiff*

Alan B. Harris
Texas Bar No. 09050780
Email: harrislaw@nts-online.net
409 N. Texas Avenue
Odessa, Texas 79761
Tel. (432) 580-3118
Fax. (432) 332-4084
*Attorneys for Plaintiff*

*/s/ Matthew A. Ford*　　　　
Matthew A. Ford