**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION**

| | | |
|---|---|---|
| **JEFFREY WHALEY,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 7:23-CV-00179** |
| | § | |
| **VALERO TRANSPORTATION, LLC** | § | |
| **AND CARLOS CABALLERO LIMON,** | § | |
| **Defendants.** | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO STRIKE
PLAINTIFF'S AFFIDAVITS UNDER SECTION 18.001 OF
THE TEXAS CIVIL PRACTICE AND REMEDIES CODE**

COMES NOW, **JEFFREY WHALEY**, Plaintiff in the above entitled and numbered cause

("Plaintiff"), and files his Response to the Motion to Strike Plaintiff's Affidavits Under Section

18.001 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE (the "Motion to Strike"), filed by

Defendants **VALERO TRANSPORTATION, LLC** and **CARLOS CABALLERO LIMON**

(hereinafter collectively referred to as "Defendants"), and would respectfully show the Court as

follows:

**ARGUMENT**

● **The Motion is Procedurally Incorrect**.

1. Defendants request this Court to strike twelve (12) medical treatment and billing

records affidavits (the "Affidavits") that Plaintiff "served" them with on or about March 14, 2024.

(*See* Motion, p. 2).

2. As of the filing of this Response, Plaintiff has yet to file with the Court any of the

Affidavits. As such, there are no affidavits before this Court to be struck at this time. Therefore,

the Motion[1] should be denied.

3.      Even if the Affidavits were before this Court, a motion to strike "'is neither an authorized nor a proper way to . . . . strike an opponent's affidavits.'" *Wallace v. Fiesta Mart, LLC*, 2023 U.S. DIST. LEXIS 213914, at \*6-7 (N.D. Tex., Dec. 1, 2023)(quoting 5C Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1380 (3d ed.)).

4.      Rule 12(f) of the FEDERAL RULES OF CIVIL PROCEDURE provides that "the court may strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f) (emphasis added).

5.      An affidavit is not a "pleading" for purposes of Rule 12(f). *Sellers v. Henman*, 41 F.3d 1100, 1101 (7th Cir. 1994); *Xavier v. Belfor USA Group, Inc.*, 2008 U.S. DIST. LEXIS 108743, at \* (E.D. La., Sept. 23, 2008) (noting that an affidavit is not a "pleading" for purposes of Rule 12(f) and finding motion to strike party's affidavits procedurally defective).

6.      Therefore, even if the Affidavits were on file with the Court, the Motion would still be procedurally incorrect as the Affidavits would not be subject to a motion to strike. Thus, the Motion should be denied.

*If this Court determines that it would be proper to treat the Motion as an objection to the Affidavits Plaintiff intends to introduce at trial and to reach the merits of Defendants' argument, Plaintiff submits the following response.*

---

[1]Defendants have not filed any type of motion for a ruling under Rule 104 of the FEDERAL RULES OF PROCEDURE relating to the Affidavits.

● **Split of Federal Authority Concerning the Admissibility of TEX. CIV. PRAC. & REM. CODE § 18.001 Affidavits in Federal Diversity Cases.**

  ● <u>**Reasonable and Necessary Medical Expenses**</u>.

7.    To recover medical expenses, a plaintiff must prove that the expenses were both reasonable and necessary. *In re Allstate Indem. Co.* 622 S.W.3d 870, 881 (Tex. 2021); *National Union Fire Ins. Co. v. Wyar*, 821 S.W.2d 291, 297 (Tex. App.–Houston [1st Dist.] 1991, no pet.).

8.    In Texas, a plaintiff may prove that medical expenses are reasonable and necessary either by presenting expert testimony or by submitting affidavits in compliance with Section 18.001 of the CIVIL PRACTICE AND REMEDIES CODE. *Allstate Indem.*, 622 S.W.3d at 876; TEX. CIV. & REM. CODE ANN. § 18.001(LEXIS 2023).

  ● <u>**TEX. CIV. PRAC. & REM. CODE § 18.001**</u>.

9.    Section 18.001 of the TEXAS CIVIL PRAC. & REM. CODE streamlines and reduces the costs of proving the reasonableness and necessity of medical expenses. *Turner v. Peril*, 50 S.W.3d 742, 746 (Tex. App.–Dallas 2001, pet. denied) (noting Section 18.001 provides a significant savings of time and costs to litigants–particularly in personal injury cases).

10.    Section 18.001 provides:

> Unless a controverting affidavit is served as provided by this section, an affidavit that the amount a person charged for a service was reasonable at the time and place that the service was provided and that the service was necessary is sufficient evidence to support a finding of fact by judge or jury that the amount charged was reasonable or that the service was necessary.

TEX. CIV. & REM. CODE ANN. § 18.001(b) (LEXIS 2025).

11.     Accordingly, affidavit evidence of reasonableness and necessity submitted under this evidentiary statute will satisfy a plaintiff's burden of proof in regards to reasonable and necessary medical expenses. ***Beauchamp v. Hambrick***, 901 S.W.2d 747, 749 (Tex. App.–Eastland 1995, no pet.); ***Wald-Tinkle-Packaging & Distrib. v. Pinok***, No. 01-02-01100-CV, 2004 TEX. APP. LEXIS 11721 at \*26-27 (Tex. App.–Houston [1st Dist.], Dec. 23, 2004, no pet.) (no pet.) (medical facilities' custodians of record affidavits sufficed to support fact finding concerning reasonableness and necessity of plaintiff's medical expenses).

- **Defendants' Argument**.

12.     Defendants initially assert that "a] growing body of courts have determined that Section 18.001 is inapplicable in federal court . . ." (Motion, p. 2).   The Defendants refer the Court to several different cases in support of their argument.  (Motion, pp. 2-3, n. 1).

13.     Defendants are not being completely forthright with the Court on the current status as of the law as to the admissibility of Section 18.001 affidavits in federal courts.

- **Split of Authority**.

14.     There is currently a clear split of authority among the various federal district courts in Texas regarding whether Section 18.001 affidavits can be used to prove the reasonableness and necessity of medical expenses. *See Duplessis v. Harpreet Singh*, 2023 U.S. DIST. LEXIS 103168, at \*4 (N.D. Tex., June 14, 2023) (citing differing opinions from Texas federal district courts on the use of Section 18.001 affidavits).

15.     Indeed, whether Section 18.001 affidavits can be used in federal court "has been hotly debated by Texas federal district courts for nearly two decades." *Id.*

16.    Even amongst the federal judges in the Western District of Texas, there is a split of authority regarding the admissibility of Section 18.001 affidavits.  The following cases are a few examples of the differing opinions on this issue from the Western District of Texas:

- *Cordero v. Target Corp.*, 2019 U.S. DIST. LEXIS 240178 (W.D. Tex., Sept. 23, 2019) (allowing the use of Section 18.001 affidavits and counter-affidavits).

- *Gosnay v. Coons*, 2021 U.S. DIST. LEXIS 28779 (W.D. Tex., Feb. 4, 2021) (finding Section 18.001 procedural in nature and disallowing Section 18.001 affidavits).

- *Cruzata v. Wal-Mart Stores Tex., LLC*, 2015 U.S. DIST. LEXIS 57270 (W.D. Tex., May 1, 2015) (finding Section 18.001 applies in federal court and holding Section 18.001 contested affidavits competent to create a fact issue on medical expenses).

- *Ruelas v. W. Truck & Trailer Maint., Inc.*, 2019 U.S. DIST. LEXIS 230771 (W.D. Tex., Sept. 6, 2019) (finding Section 18.001 inapplicable in federal court).

- *Martinez v. Thomas*, 2020 U.S. DIST. LEXIS 247738 (W.D. Tex., March 31, 2020) (finding Section 18.001 substantive and applicable in federal courts).

- **Silence of the Fifth Circuit**.

17.    As of this date, the Fifth Circuit has yet to determine whether Section 18.001 is a substantive or procedural law and whether it should be applied in federal diversity cases. *Wallace*, 2023 U.S. DIST. LEXIS 213914, at *4.  In fact, the Fifth Circuit has never explicitly reached the question of whether Section 18.001 is substantive or procedural. *Barnes v. Burlington Coat Factory of Tex., Inc.*, 2021 U.S. DIST. LEXIS 272938, at *5 (E.D. Tex., July 21, 2021).

- **Most Recent Federal Case Law**.

18.     The most recent federal district court opinion addressing the question of Section 18.001's applicability in federal diversity cases arises from the Pecos Division of the Western District of Texas.  On January 14, 2025, the Honorable David Counts issued an opinion in *Morales v. Manider Singh*, 2025 U.S. DIST. LEXIS 7473 (W.D. Tex., Jan. 14, 2025).

19.     In *Morales*, the plaintiff had objected to a portion of United States Magistrate Judge David Fannin's report and recommendation.  *Morales v. Manider Singh*, 2025 U.S. DIST. LEXIS 7473, at 1 (W.D. Tex., Jan. 14, 2025).  After Judge Fannin issued his order and report, the plaintiff offered new evidence, in the form of an affidavit, to support a damages award for past medical expenses.  *Id*. at *1-2.

20.     In reviewing the plaintiff's new medical billing affidavit, Judge Counts addressed the applicability of Section 18.001 in federal diversity cases, and he expressly held as follows:

> Section 18.001 is a purely procedural function of Texas law and "directly conflicts with the Federal Rules of Evidence 801 and 802 which prevents the application of § 180.001 [sic] in federal court."

*Id*. at *2 (quoting *Rivera v. Autotransportes Fronterizos, M.G., S.A DeC.V*, 2022 U.S. DIST. LEXIS 137636, at *6) (S.D. Tex, Aug. 3, 2022).

21.     Accordingly, Plaintiff believes that Judge Counts' recent ruling in *Morales* not only resolves the Section 18.001 issue raised in the Motion, but also bars the Affidavits' admissibility into evidence at the trial of this case.

6

- **Relief Requested**.

22.     It cannot be disputed that there is currently a split in authority amongst the Texas federal district courts and specifically, the federal district courts of the Western District of Texas regarding the applicability of Section 18.001 and the admissibility of Section 18.001 affidavits. Without any guidance from the Fifth Circuit, the pendulum has swung back and forth amongst Texas the federal district courts as to this issue.

23.     In the case at bar, Plaintiff relied in good faith in his trial preparation, his trial disclosures, and his expert designations on those opinions issued by federal district courts from the Western District of Texas which held that (1) Section 18.001 was applicable in federal diversity cases and (2) Section 18.001 affidavits were admissible in federal trials to meet a plaintiff's burden of proof regarding his medical expenses.

24.     If this Court finds that Section 18.001 is inapplicable in this case and therefore bars the admission of the Affidavits into evidence at trial under this statute, Plaintiff respectfully requests the Court allow him to make a late designation[2] of a billing expert who can be called to testify at trial regarding the reasonableness and necessity of all Plaintiff's medical expenses.

25.     Without the ability to call a billing expert to testify, Plaintiff will have no choice but to call as witnesses at trial[3] each and every medical provider who provided medical services to Plaintiff as a result of the underlying traffic accident. Without a billing expert's testimony, Plaintiff anticipates calling as many as eight (8) additional witnesses to testify during trial, and he estimates

---

[2]Plaintiff's expert designation deadline in this case was September 20, 2024 (by agreement).

[3]This case is currently set for trial on May 5, 2025.

that these eight (8) additional witnesses would possibly extend the length of the trial of this case by more than 2 days.

26.     In contrast, if Plaintiff was allowed to designate a billing records expert, Plaintiff would only have to call one additional witness at trial, and Plaintiff anticipates such testimony only extending the length of the trial by a few hours.

27.     Accordingly, if Plaintiff is correct in his analysis of Judge Counts' Section 18.001 ruling in *Morales* and this ruling's impact on the case at bar, Plaintiff requests the Court's permission to make a late designation of a billing expert.

●     **Opportunity for Supplemental Response**.

28.     If, on the other hand, (1) Plaintiff has misread Judge Counts' ruling in *Morales* as to the applicability of Section 18.001 in federal diversity cases, or (2) if this Court determines that *Morales* is not binding precedent in this case, Plaintiff respectfully requests the opportunity to submit a supplemental response to the Motion so that he can fully set forth his argument (and supporting case law) that Section 18.001 is applicable in federal diversity cases, and therefore, the Affidavits are admissible into evidence at trial.

●     **Admissibility of the Affidavits Under the Federal Rules of Evidence is Not an Issue that is Ripe for the Court's Consideration.**

29.     Additionally, Plaintiff may offer the Affidavits into evidence under Rule 803(6) or Rule 902(11) of the FEDERAL RULES OF EVIDENCE. *See* FED. R. EVID. 803(6) and FED. R. EVID. 902(11). Both Rule 803(6) and Rule 902(11) provide exceptions to the hearsay rule.

30.     The Motion does not include any argument that the Affidavits are inadmissible under either Rule 803(2) and Rule 902(11). Rather, the Motion only requests the Court to strike the

Affidavits because they are not admissible under Section 18.001.  (Motion, pp. 11-12).

31.  Consequently, the issue of whether the Affidavits would be admissible under Rule 803(6) or Rule 902(11) is therefore not ripe for the Court's consideration. *See Flores v. Allen Henderschiedt Trucking, Inc.,* 2023 U.S. DIST. LEXIS 182600 (S.D. Tex., Oct. 11, 2023) (as parties agreed Section 18.001 had no application in federal court proceedings, court held it would wait for trial to allow parties to address billing affidavits admissibility under Rules 803(6) and 902(11) and denied defendants motion to strike plaintiff's medical billing affidavits).

32.  Rather, the Court should wait for trial to allow both parties to fully advance their respective positions on whether or not the Affidavits are admissible under Rule 803(6) and Rule 902(11).

## CONCLUSION AND PRAYER

33.  The Motion Defendants filed with the Court is procedurally incorrect as the FEDERAL RULES OF CIVIL PROCEDURE provide no mechanism to strike the Affidavits.  Additionally, the question of whether the Affidavits may be admissible under the FEDERAL RULES OF CIVIL PROCEDURE is not before the Court and is therefore not ripe for the Court's consideration.  Instead, Respondent respectfully assert that the Court should wait to address these evidentiary arguments at trial.

34.  Thus, Plaintiff requests that the Motion be summarily denied by the Court in all respects.

35.  Yet, this Court may determine the Motion to be substantively simply an objection to the Affidavits, deem the issue of the applicability of Section 18.001 in federal diversity cases to be properly before the Court, and choose to address the merits of Defendants' arguments.

36.     If so, Plaintiff directs this Court to the lack of a controlling Fifth Circuit opinion as to this issue, as well as to the decades long split in authority amongst the Texas federal district courts—including the federal courts of the Western District of Texas—regarding whether Section 18.001 is substantive or procedural.

37.     In this regard, Plaintiff asserts that Section 18.001 is substantive and applicable in federal diversity cases. *See* **Duplessis**, 2023 U.S. DIST. LEXIS 103168, at *9  (holding after a thorough analysis of this issue, that Section 18.001 is substantive in nature and thus applicable in federal court); *Peals v. Quiktrip Corp.,* 511 F. Supp. 3d 770, 781 (E.D. Tex. 2021) (holding after an in-depth analysis of this issue, that *Erie* considerations weigh in favor of finding Section 18.001 is substantive, not procedure, and that Section 18.001 affidavits are admissible in federal court).

38.     Notwithstanding all of the federal district courts who have held that Section 18.001 is applicable in federal diversity cases, and therefore Section 18.001 affidavits are admissible, Plaintiff in complete candor to the Court acknowledges that Judge Counts' recent ruling on this issue in *Morales* may resolve the question in this case of the applicability of Section 18.001 and the admissibility of the Affidavits into evidence at trial against Plaintiff.

39.     If this Court decides Judge Counts' *Morales* ruling is binding precedent, Plaintiff requests the Court to grant him leave to designate an additional expert in this case so he can designate a billing expert to testify at trial regarding the reasonableness and necessity of his medical expenses.

40.     If this Court decides Judge Counts' ruling in *Morales* is not binding on the Court, Plaintiff prayerfully requests the Court allow him to file a supplemental response so he can set forth

his full argument and legal authority supporting his position that Section 18.001 is applicable in

federal diversity cases and that the Affidavits are admissible under Section 18.001 at trial.

Respectfully submitted,

By: _____

Spencer W. Dobbs
Texas Bar No. 00793624
Email: spencer@dobbslawfirm.com
601 N. Washington
Odessa, Texas 79761
Tel.  (432) 580-0808
Fax.  432) 580-7254

Alan B. Harris
Texas Bar No. 09050780
409 N. Texas Avenue
Odessa, Texas 79761
Tel. (432) 580-3118
Fax. (432) 332-4084

Attorneys for Plaintiff Jeffrey Whaley

## ERTIFICATE OF SERVICE

I certify that on January 29, 2025, a true and correct copy of Plaintiff's Response to Defendants' Motion to Strike Plaintiff's Affidavits Under Section 18.001 of the Texas Civil Practice and Remedies Code was served on the following counsel of record by and through the electronic filing manger:

Matthew A. Ford
Law Office of Matthew A. Ford, Ltd. Co.
8765 Stockard Drive, Suite 303
Frisco, Texas 75034
matthew@mafordlaw.com
Attorneys for Defendants
Valero Transportation, LLC and
Carlos Caballero Limon

11

Spencer W. Dobbs