IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| JEFFREY WHALEY, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 7:23-CV-00179 |
| | § | |
| VALERO TRANSPORTATION, LLC AND | § | |
| CARLOS CABALLERO LIMON, | § | |
| DEFENDANTS. | § | |

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' OPPOSED MOTION TO STRIKE PLAINTIFF'S AFFIDAVITS UNDER SECTION 18.001 OF THE TEXAS CIVIL PRACTICE AND REMEDIES CODE AND BRIEF IN SUPPORT**

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS:

COME NOW, VALERO TRANSPORTATION, LLC AND CARLOS CABALLERO LIMON, Defendants in the above entitled and numbered case, and file this, their Reply to Plaintiff's Response to Defendants' Opposed Motion to Strike Plaintiff's Affidavits Under Section 18.001 of the Texas Civil Practices and Remedies Code and Brief in Support, and would respectfully show the Court as follows:

### I. A VAST, AND RECENT, MAJORITY OF THE WESTERN DISTRICT DEEMS SEC. 18.001 AFFIDAVITS INAPPLICABLE IN FEDERAL COURT

"Today, the Court joins the growing body of authority that has determined Section 18.001 to be procedural and thus inapplicable in federal court. When a federal court exercises diversity jurisdiction over state law claims, the court applies 'state substantive law as stated in the final decisions of the state's highest court.' *Baker v. RR Brink Locking Sys., Inc.*, 721 F.3d 716, 717 (5th Cir. 2013). Given both the *Haygood*[1] decision and the *Gunn*[2] decisions, the conclusion that 18.001 is procedural is inescapable.

…

___

[1] 356 S.W.3d 390, 397 (Tex. 2011)(Sec. 18.001 affidavits are "purely procedural").
[2] 554 S.W.3d 645, 674 (Tex. 2018)(Sec. 18.001 affidavits are "purely procedural").

What's more, the briefing provided…by the parties…provides an alternative path to the same conclusion…As…18.001 'directly collides' with Federal Rule of Evidence 802."[3]

Moreover, *Plaintiff agrees* that State Section 18.001 affidavits are inapplicable in this proceeding[4] citing Judge Counts' January 14, 2025, holding in *Morales* that is directly on point to the very issue at hand here:

> "This Court agrees with Judge Fannin's assessment of the state of Section 18.001 case law. Section 18.001 is a purely procedural function of Texas law and 'directly conflicts with the Federal Rules of Evidence 801 and 802, which prevents the application of §[18.001] in federal court.'"[5]

Defendants' requested relief in their Motion to Strike should be granted.[6]

## II. ARGUMENT AND AUTHORITIES

### A. All Plaintiff's Sec. 18.001 Affidavits must be Struck, Including Record and Billing Affidavits

Section 18.001(b) provides that: 1) an affidavit that the amount a person was charged for a service was reasonable at the time and place that the service was provided (billing affidavit); and 2) that the service was necessary (record affidavit). Not only are *lay record custodians* permitted to affy to reasonable costs in State Court, they can also testify that a medical treatment course was reasonable through a Sec. 18.001 record affidavit. This procedural device then improperly shifts the burden onto Defendants to controvert these dual contentions. Plaintiff's affidavits would then support a jury verdict on the issue of reasonable medical treatment course and costs that would

---

[3] *Miley v. MMM Freight Corp., et al.*, 6:19-CV-00285-ADA-JCM, Dkt. 30 (W.D. Tex. Jun. 10, 2020) (18.001 affidavits are procedural and not admissible in federal diversity cases).
[4] *See* Pltf.'s Resp. at Page 6, ¶21: "…Plaintiff believes that Judge Counts' recent ruling in *Morales* not only resolves the Section 18.001 issue raised in the Motion, but also bars the Affidavits' admissibility into evidence at the trial of this case."
[5] *Morales v. Singh, et al.*, P:23-CV-00043-DC, Dkt. 43 at *2 (W.D. Tex. Jan. 14, 2025) (adopting report and recommendation of United States Magistrate Judge Fannin).
[6] *Xavier v. Belfor USA Group, Inc*., CIV.A.06-491 (E.D. La. Sept. 23, 2008) (courts treat "improper" motions to strike as objections to the materials filed) (citing cases).

otherwise be inadmissible hearsay if left procedurally uncontroverted. Arguing that Section 18.001 is not procedural is insupportable with its streamlining of hearsay statements and its burden shifting mechanisms.[7]

Casting the procedural label aside, allowing Plaintiff's Sections 18.001 affidavits to go to the jury without expert testimony directly collides with the Federal Rules of Evidence and Procedure.[8] *Haygood* and *Gunn* both agree the statements contained in these affidavits dealing with reasonable treatment course (records affidavit) and costs (billing affidavit) would otherwise be inadmissible hearsay in any other context. No similar hearsay exception exists by way of a federal statute, the Federal Rules of Evidence or Procedure, or any other rules prescribed by the Supreme Court.

As a result, Plaintiff's affidavits must be struck because Section 18.001 is plainly procedural as the State Supreme Court has repeatedly held, or, alternatively, because Section 18.001 directly collides with Federal Rules of Evidence 801 and 802 and Civil Rules 26, 43 and 702.

### III. PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully pray that the Court strike Plaintiff's Section 18.001 affidavits in all things and enter an order prohibiting Plaintiff from offering affidavit testimony as evidence of the reasonableness and necessity of

---

[7] *See, e.g., Resendez v. Navarro,* No. 7:18-cv-14 (S.D. Tex. Mar. 19, 2019), Dkt. No. 41 at 4-5 (the federal rules "do not contemplate a scenario of warring affidavits as the necessary predicate for expert opinion testimony, but of expert designations on the relevant issue, subject to the general requirement that testimony on the issue be presented live and by a witness qualified to render an opinion…established by the rules"). *Accord Mendez v. Berkshire Prop. Advisors, LLC*, No. 3:23-CV-2716-B (N.D. Tex. Aug. 27, 2024); *Perez v. Tyczynski*, No. 5:21-CV-00109 (S.D. Tex. Feb. 15, 2023); *Wallace v. Fiesta Mart, LLC*, No. 3:22-CV-1612-B-BH (N.D. Tex. Dec. 1, 2023) (gathering cases).

[8] *See Klocke v. Watson*, 17-11320, 2019 U.S. App. LEXIS 25343 (5th Cir. 2019) (certain provisions of the Tex. Prac. & Rem. Code intended to provide a "speedy process for resolving litigation" are inapplicable in federal court as they conflict with federal rules).

his medical treatment and expenses at the trial of this matter. Defendants further pray for all such other and further relief, both general and special, to which it may show themselves justly entitled.

Respectfully Submitted,

By: */s/ Matthew A. Ford*
Matthew A. Ford
SBN: 24079875
Law Office of Matthew A. Ford, Ltd. Co.
8765 Stockard Drive
Suite 303
Frisco, TX 75034
Voice/Fax: (214) 227-9927
matthew@mafordlaw.com
**ATTORNEYS FOR DEFENDANTS**

CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above document has been served in accordance with the Federal Rules of Civil Procedure on February 4, 2025, upon the following counsel of record, via email:

Spencer W. Dobbs
Dobbs Law Firm, Inc.
Texas Bar No. 00793624
Email: spencer@dobbslawfirm.com
601 N. Washington
Odessa, Texas 79761
Tel. (432) 580-0808
Fax. (432) 580-7254
*Attorneys for Plaintiff*

Alan B. Harris
Texas Bar No. 09050780
Email: harrislaw@nts-online.net
409 N. Texas Avenue
Odessa, Texas 79761
Tel. (432) 580-3118
Fax. (432) 332-4084
*Attorneys for Plaintiff*

*/s/ Matthew A. Ford*
Matthew A. Ford

DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' OPPOSED MOTION TO STRIKE PLAINTIFF'S AFFIDAVITS UNDER SECTION 18.001 OF THE TEXAS CIVIL PRACTICE AND REMEDIES CODE AND BRIEF IN SUPPORT

**Page 4**